**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

September 26, 2014

LETTER TO COUNSEL:

      RE:   *Tonia Robertson v. Commissioner, Social Security Administration*;
             Civil No. SAG-14-197

Dear Counsel:

      On January 27, 2014, Plaintiff, Tonia Robertson, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 73 F.3d 585, 589 (4th Cir. 1996). Under that standard I will GRANT Defendant's motion and DENY Plaintiff's motion. This letter explains my rationale.

      Ms. Robertson protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 3, 2009 and November 6, 2009, respectively. (Tr. 62, 63). She alleged a disability onset date of January 1, 2009. Her claims were denied initially and on reconsideration. (Tr. 94-100, 102-105). A hearing was held on March 14, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 34-60). Following the hearing, the ALJ determined that Ms. Robertson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-33). The Appeals Council denied Ms. Robertson's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Robertson suffered from the severe impairments of HIV, ischemic heart disease, coronary artery disease, peripheral artery disease, hepatitis C, major depression (moderate), learning disorder by history, history of alcohol abuse, opioid dependence, in early remission. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Robertson retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except must never climb ladders, rope, and scaffolds, limited to occasional climbing ramps and stairs, balancing, crouching, stooping, kneeling, and crawling, limited to unskilled work that is repetitive in nature and involves following a routine, working with general goals versus production rate goals, occasional interaction with her supervisor, and must not need to plan work or set goals.

*Tonia Robertson  v. Commissioner, Social Security Administration*;
Civil No. SAG-14-197
September 26, 2014
Page 2

(Tr. 22).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Robertson could perform jobs existing in significant numbers in the national economy and that therefore she was not disabled. (Tr. 26-27).

Ms. Robertson raises several arguments on appeal.  Each argument essentially takes issue with the weight the ALJ assigned the opinions of her treating and non-treating physicians as well as her "case manager."  Ms. Robertson claims that had the ALJ appropriately evaluated each of these opinions, he would have reached a different conclusion regarding her RFC, would have posed a different hypothetical to the VE, and would have ultimately determined that she was disabled. Ms. Robertson's contentions are without merit and are addressed below.

Ms. Robertson first argues that the ALJ failed to consider evidence regarding her peripheral vascular disease and medical conditions subsequent to February 2011.  She claims this failure stems from the ALJ's assignment of "great" weight to the state agency medical consultant, Dr. Biddison.  She contends that the assignment of weight was inappropriate in light of the fact that Dr. Biddison's opinion was issued on March 25, 2011, such that it could not take into account Ms. Robertson's medical condition between the date of its issuance and the ALJ hearing.  Pl.'s Mem. 6-8; (Tr. 72-73).  However, contrary to Ms. Robertson's assertions, there is no indication that Dr. Biddison failed to consider Ms. Robertson's January 2011 ankle brachial index, nor is there any indication that the ALJ considered Dr. Biddison an expert on Ms. Robertson's medical condition during the entire period of time the opinion was issued.[1]  Rather, the ALJ properly considered a variety of additional evidence before reaching his RFC assessment, which was in fact more restrictive than that recommended by Dr. Biddison.  (Tr. 22-25).  I thus find that the ALJ provided sufficient evidence to support his assignment of weight to Dr. Biddison's opinion.

Ms. Robertson next argues that in analyzing her credibility, the ALJ failed to consider the hearing testimony of Page Croyder, her former case manager in a shelter for homeless women and children. Pl.'s Mem. 8-9; *see* (Tr. 48).  However, plaintiff's claim is patently inaccurate.  In analyzing Ms. Robertson's RFC, the ALJ noted that Ms. Robertson's caseworker "testified the claimant is in discomfort, walks with a limp, and opined the claimant cannot perform past work that involved physical labor."  (Tr. 23).  Indeed, the ALJ went on to discredit both Ms. Robertson's own testimony and that of the caseworker, but only to the extent that it alleged "totally debilitating symptomology."  (Tr. 23).  In determining that Ms. Robertson's symptoms were not totally debilitating, the ALJ discussed evidence of Ms. Robertson's medical records, her activities of daily living, the extent to which she was able to control her symptoms with medication and other treatment, and the opinions of both treating and non-treating physicians. (Tr. 23-25).  Moreover, it is clear from the hearing transcript that Ms. Croyder's testimony was that of a lay-person, as she has no expertise in disability law and no medical training. (Tr. 51).  The ALJ's analysis of Ms. Robertson's credibility, and the weight he accorded Ms. Croyder's

---

[1] Moreover, there is no evidence that Ms. Robertson's impairments met Listing 4.12. Although her ankle brachial index temporarily dipped below the criteria specified in the Listing, (Tr. 599), she subsequently underwent procedures to improve that index.  (Tr. 693-94).  Accordingly, she did not meet the 12 month durational requirement.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).

*Tonia Robertson  v. Commissioner, Social Security Administration*;
Civil No. SAG-14-197
September 26, 2014
Page 3

testimony, thus adhered to the proper legal analysis, *see* 20 C.F.R. §§ 404.1529 and 416.929, and his findings were supported by substantial evidence.

Finally, Ms. Robertson contends that the hypothetical question posed by the ALJ failed to include her mental and physical limitations.  Pl.'s Mem. 10.  However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.  Moreover, the transcript of the hearing indicates that this claim is likewise unsubstantiated.  Each of the mental and physical limitations that the ALJ deemed credible in his RFC assessment were included in the hypothetical that the ALJ posed to the VE.  Indeed, the first hypothetical posed to the VE included someone who was physically limited to sedentary exertional activities and mentally limited to unskilled, repetitive, and routine work with general goals, (Tr. 54), and the RFC assessment of the ALJ was that Ms. Robertson should be physically limited to sedentary work and mentally limited to unskilled, repetitive, and routine work with general goals and occasional supervisor interaction.  (Tr. 22).

Ms. Robertson argues that the hypothetical the ALJ posed to the VE should have included the limitations in the RFC assessment of Dr. Shankar, Ms. Robertson's primary care physician.  *See* (Tr. 968-70).  However, the ALJ gave Dr. Shankar's opinion "little weight" in his RFC analysis.  Ms. Robertson takes issue with the fact that in assigning Dr. Shankar's opinion weight, the ALJ noted that Dr. Shankar was an internist.  Pl.'s Mem. 10; (Tr. 25).  Yet Social Security regulations specifically instruct an ALJ to consider whether an opinion was issued by a specialist when assigning it weight.  *See* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).  Moreover, in discounting Dr. Shankar's opinion, the ALJ noted that the opinion was not supported by any clinical or objective medical evidence, which was also an appropriate consideration.  (Tr. 25); *see* 20 C.F.R §§ 404.1527, 416.927.  Indeed, Dr. Shankar repeatedly left blank the RFC questionnaire's prompt for medical findings supporting his assessment.  (Tr. 968-70). Accordingly, the ALJ's assignment of weight to Dr. Shankar's opinion was pursuant to the proper legal standard, and the hypothetical he posed to the VE was supported by substantial evidence of Ms. Robertson's credible limitations.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED** and the Commissioner's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                    Sincerely yours,

                                                    /s/

                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge